IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEWAYNE ANDERSON, #1567655 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv569 |
| MAXEY CERLIANO, ET AL. | § | |

<u>MEMORANDUM OPINION AND
ORDER OF DISMISSAL</u>

Plaintiff DeWayne Anderson, a Texas prison inmate previously confined in the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on December 24, 2009. On March 30, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The Defendants were in attendance at the hearing. The Plaintiff and Defendant Lt. William Ray Jennings, Jr., testified during the hearing. The Defendants also submitted documentary evidence consisting of the Gregg County Jail records regarding the Plaintiff while he was incarcerated there in 2008.

The Plaintiff was arrested for possession of marijuana and confined in the Gregg County Jail on January 25, 2008. On March 26, 2008, he pled out for time served. He was not, however, released on that day. He observed Defendant Jennings and an unidentified warrant officer talking in the courtroom. Apparently a parole revocation warrant, also known as a Blue Warrant, showed up on the computer on NCIC, which is the abbreviation for the National Crime Information Center. He was thus

1

kept in jail. Defendant Sgt. Weatherall investigated the matter. It was discovered that the Parole Board had discharged him on August 20, 2007. The Blue Warrant was lifted, and the Plaintiff was released. He complained that he was unnecessarily kept in jail one extra day.

When asked why he was suing the Defendants for being kept in jail one extra day, the Plaintiff noted that he started filing grievances upon his arrival at the jail. One of his grievances included a sarcastic comment about Defendant Jennings. He believes that Jennings and the unidentified warrant officer conspired against him in retaliation for the grievances by keeping him in jail.

On August 1, 2008, the Plaintiff was arrested pursuant to the Blue Warrant. He testified that this was the same warrant that had been previously lifted because he had discharged his parole. He was kept in the Gregg County Jail until September 5, 2008. He added that the arrest was suspicious because he had been stopped by an officer in May and was informed that there were no outstanding warrants on him. He suspected that Lt. Jennings and the warrant officer had the Blue Warrant placed back on NCIC. Sgt. Weatherall investigated the matter again. The Plaintiff testified that Sgt. Weatherall obtained assistance from his wife, who was a higher ranking parole officer. She sent Officer Perkins to see him. Officer Perkins told him that he "must have made someone mad because he ain't my officer, [and] he couldn't find my file in the parole office." It was again discovered that the Blue Warrant had been lifted, and he was released. The Plaintiff alleged that Lt. Jennings made all of this happen in retaliation to the grievances he filed.

The Plaintiff testified that he sued Sheriff Cerliano because he wrote to him about the problems and did not receive an answer. He admitted that Defendant Weatherall helped him, but he sued Weatherall because he knew that the Blue Warrant had been lifted but he was kept in jail until September 5, 2008.

When questioned by the Defendants, the Plaintiff admitted that he was arrested by the Longview Police Department on August 1, 2008. He was told at that time that there was a warrant lodged against him by the State of Texas. None of the Defendants were involved in this matter. He admitted that county officials do not have any control over the Parole Board issuing a Blue Warrant, but he added that they could have placed a warrant in the computer. The Plaintiff asserted that Jennings persuaded the unidentified warrant officer to place the Blue Warrant in the computer. He admitted that Jennings never told him that he placed warrants in the computer. His belief that Jennings was responsible was based on common sense. He agreed that his belief was based on supposition, as opposed to direct evidence. He also admitted that when he contacted his parole officer in May of 2008, he was told that his parole was not yet over. He did not, however, go in to see his parole officer.

When questioned again by the Court, the Plaintiff testified that Lt. Phillips contacted him on September 1, 2008. Lt. Phillips investigated the matter, and the Plaintiff was released a few days later.

The Defendants submitted the Plaintiff's jail records to the Court. The Plaintiff indicated that the Court could review the records. Defendant Jennings was the sole person called to testify by the Defendants. Jennings testified that the Gregg County Jail consists of three facilities. He is the North Facility Administrator. On August 1, 2008, the Longview Police Department called him to confirm that there was a Blue Warrant. Jennings testified that the warrant was on the computer. He did not pull up the actual warrant. He added that he had no other involvement with the Plaintiff. The Plaintiff was confined at the North Facility. Lt. Phillips is the administrator of that facility. Jennings testified that he does not know what happened to the Blue Warrant. He cannot get into a NCIC computer. He noted that the Sheriff's Department can place a county warrant in the computer on NCIC but not a state warrant.

When questioned by the Court, Jennings testified that his involvement with the grievance process is limited to appeals. He had no knowledge of the Plaintiff filing grievances in February of 2008. He had no knowledge of any parole revocation hearings. Facilities are made available to the Parole Board upon request for parole revocation proceedings. County personnel have no say as to whether a parole should be revoked. He testified that he does not recall escorting the Plaintiff to court in March of 2008. He does not recall talking to a warrant officer. He does not have the authority to place a warrant on someone. He finally testified that the local warrant officer does not have the authority to place a Blue Warrant in NCIC.

The Court has reviewed the jail records. The records included an arrest report, dated January 25, 2008, which showed that the Plaintiff was arrested for three drug related offenses. A copy of the Blue Warrant was included in the jail records. It revealed that the warrant was issued on March 30, 2007. A grievance, dated February 17, 2008, accused Jennings of placing bogus warrants on him. The response was signed by jailers other than Jennings. The Court did not find any grievances with a response actually signed by one of the Defendants. The records included a Refusal of Prosecution form signed by Assistant District Attorney Joe C. Hall, dated March 26, 2008, because the Plaintiff had pled guilty in 2008-0534 and was sentenced to 180 days jail time. On the same day, the Board of Pardons and Paroles confirmed that a warrant was outstanding. The records also confirmed that he was released on March 27, 2008.

The Booking Sheet from August 1, 2008, confirmed that the Plaintiff was arrested by the Longview Police Department pursuant to a Blue Warrant. A copy of a teletype message from S. Jenkins, Director of the Parole Division, dated August 1, 2008, confirmed that a Blue Warrant was issued on March 30, 2007. Both the Longview Police Department and the Gregg County Sheriff's Department were instructed to detain the Plaintiff and that a warrant would follow.

In discussing the Plaintiff's various claims, the Court initially notes that federal courts are courts with limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to federal violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). In this Circuit, before a plaintiff may maintain a civil rights lawsuit, he must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981).

The first claim by the Plaintiff that should be considered concerns allegations of being improperly confined in the jail. He complained that he was kept in jail an extra day in March of 2008 and then again in jail from August 1, 2008 to September 5, 2008. The Fifth Circuit examined the state of the law on false imprisonment in *Sanchez v. Swyden*, 139 F.3d 464 (5th Cir. 1998). The Fifth Circuit made the following observations:

> In *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), the Supreme Court held that the detention of an individual for three days on the basis of a facially valid arrest warrant did not amount to a deprivation of liberty without due process of law - despite the individual's protestations of innocence. *Id.* at 143-45, 99 S.Ct. at 2693-95; *see also Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980). The Court reasoned that officials charged with maintaining custody of the accused named in a warrant are not required by the Constitution to perform an error-free investigation of a claim of innocence. *Id.* at 145-46, 99 S.Ct. at 2695. "The Constitution does not guarantee that only the guilty will be arrested," for "[i]f it did," reasoned the Court, "§ 1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released." *Id.* at 145, 99 S.Ct. at 2695. The Court concluded that the three-day detention did not amount to a violation of the plaintiff's constitutional right to due process. *Id.*

139 F.3d at 468. The Fifth Circuit held that jail officials were not liable when they held a defendant pursuant to a valid arrest warrant even though the defendant consistently asserted his innocence. *Id.* at 469. A defendant alleging false imprisonment must establish that an official's actions went beyond

5

mere negligence before an illegal detention takes on constitutional dimensions sufficient to state a claim. *Id.*

The Fifth Circuit's most recent pronouncement on this issue was in *Birdwell v. Livingston*, 327 Fed. Appx. 457 (5th Cir. 2009), which originated in this Court. Birdwell was stopped on a minor traffic offense and arrested pursuant to a warrant issued by the TDCJ-Parole Division. The warrant was based on a conviction that had been previously vacated. This Court concluded that there was probable cause for the arrest based on the warrant and that Birdwell did not have a basis for a cause of action even though the information known to the TDCJ-Parole Division ultimately proved to be incorrect. In affirming the decision, the Fifth Circuit held that county officials cannot be held liable for holding someone pursuant to a facially valid state warrant and for being allegedly negligent in failing to discover earlier his state conviction had been vacated. *Id.* at 459. Birdwell failed to satisfy the higher standard requiring him to show that county officials held him even though they knew that the detention was erroneous. *Id.* at 459-60. The Fifth Circuit added that his attempt to hold supervisory officials liable through vicarious liability was unavailing. *Id.* at 460 (citing *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006)).

In the present case, the Plaintiff was held one extra day in March of 2008 and from August 1, 2008 through September 5, 2008 because of a facially valid Blue Warrant. On both occasions, the Parole Board confirmed that they wanted him. The facts as alleged and developed do not show that any of the Defendants held him in custody despite having knowledge that he should not be in custody. The false imprisonment claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. It should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Plaintiff also alleged that an unidentified warrant officer placed the Blue Warrant on him. His claim was based on speculation. In order to state a civil rights claim cognizable under 42 U.S.C.

§ 1983, a plaintiff must allege facts to support his broad allegations. *See Vinson v. Heckmann*, 940 F.2d 114, 115 (5th Cir. 1991); *Wesson v. Oglesby*, 910 F.2d 278, 280 (5th Cir. 1990). Conclusory allegations are insufficient. *R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). The claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. It should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Plaintiff also claimed that he was the victim of constant harassment. Verbal harassment, without more, does not amount to a constitutional violation. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). In *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002), the Fifth Circuit held that verbal abuse and requiring an inmate to beg for food did not provide a basis for an actionable claim under § 1983. The Fifth Circuit made the following statement about officials threatening or harassing a plaintiff:

> [I]n the Eighth Amendment context, our circuit has recognized as a general rule that "mere threatening language and gestures of a custodial officer[r] do not, even if true, amount to constitutional violations". *McFadden*, 713 F.2d at 146 (quoting *Coyle v. Hughs*, 436 F. Supp. 591, 593 (W.D. Okla. 1977); *accord Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir.) (the use of words, no matter how violent, does not comprise a § 1983 violation), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner does not state constitutional deprivation under § 1983).

*Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995). The harassment claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. It should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Plaintiff also alleged that he was the victim of discrimination. The Equal Protection Clause commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Plyler v. Doe*, 457 U.S. 202, *reh. denied*, 458 U.S. 1131 (1982). To succeed in an equal protection claim, a plaintiff must allege facts

showing purposeful discrimination resulting in a discriminatory effect among persons similarly situated. *McCleskey v. Kemp*, 481 U.S. 279 (1987); *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (*citing United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992)). A plaintiff must allege specific acts supporting a claim of discrimination, as opposed to his personal belief that discrimination played a part in the situation. *Id.*

The Plaintiff has not alleged any facts showing that he was the victim of discrimination. He has not alleged any facts showing that one or more Defendants took a particular course of action against him because he was a member of an identifiable group. The discrimination claim is conclusory. It fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. It should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Plaintiff's final claim is retaliation. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Officials may not retaliate against an inmate for using the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). A plaintiff must allege facts showing that the defendant possessed a retaliatory motive. *See Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985). He must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997); *Jones v. Greninger*, 188 F.3d at 324-25. Mere

conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Moreover, he must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id.* Finally, the retaliatory adverse act must be more than a *de minimis* act. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006), *cert. denied*, 549 U.S. 1038 (2006).

In the present case, the Plaintiff alleged that he was improperly held in custody because Jennings retaliated against him for filing grievances. The claim is speculative and conclusory. He was unable to show that Jennings or any of the Defendants knew about his grievances. He cannot show that any of the Defendants were personally responsible for keeping him in custody. Moreover, in light of the facially valid Blue Warrant, the Plaintiff cannot show that "but for" a retaliatory motive, the Defendants would not have held him. The retaliation claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. It should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **12** day of **April, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE